**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AISHA KAMARIA COLE,** | **Case No. 26-51907-bem** |
| **Debtor.** | |
| **AISHA KAMARIA COLE,** | |
| **Movant,** | |
| **v.** | **CONTESTED MATTER** |
| **DGG RE INVESTMENTS, LLC d/b/a GUARDIAN ASSET MANAGEMENT,** | |
| **Respondent.** | |

**DEBTOR'S EMERGENCY MOTION FOR VIOLATION OF THE AUTOMATIC STAY**

COMES NOW, Debtor Aisha Kamaria Cole ("**Debtor**"), by and through undersigned counsel, and files this *Emergency Motion for Violation of the Automatic Stay* (the "**Emergency Motion**") against DGG Re Investments, LLC d/b/a Guardian Asset Management ("**Guardian**") and respectfully shows the Court as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

1

## BACKGROUND

2.      On February 12, 2026, Debtor filed a voluntary Chapter 11 petition (the "**Petition Date**") under title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**").

3.      Debtor owns the real property and improvements located at 229 Chloe Dianne Drive, Loganville, Georgia 30052 (the "**Property**").

4.      On February 20, 2026, Guardian seized the Property, changed the locks, and put a notice on a street facing window (the "**Notice**").

5.      That Notice stated, "This property is under the management of Guardian Asset Management. When it is available for sale, arrangements to inspect the property may be made through a real estate broker of your choice. The property may not be entered until it is offered for sale."

6.      On March 16, 2026, Debtor's counsel called Guardian and informed Guardian that its actions violated the automatic stay, and that Guardian must return the Property to Debtor. The same day, Debtor's counsel mailed a letter to Guardian stating the same.

7.      Guardian ignored the letter and has not returned the Property to Debtor.

8.      Guardian's refusal to return the Property will and has caused Debtor financial hardship.

9.      Debtor intends to rent the Property to a tenant April 1, 2026, which will provide much needed income to her.

10.     Debtor cannot rent the Property when Guardian has wrongfully seized the Property and changed the locks.

2

**Relief Requested**

11.     Debtor requests an order from the Court finding that Guardian is in violation of § 362(a) of the Bankruptcy Code by seizing the Property, and ordering Guardian to remove the locks from the Property, remove the Notice, and relinquish the Property to Debtor.

**Basis for Relief**

12.     11 U.S.C. § 362(a)(3) provides that as of the Petition Date, the automatic stay "to all  entities, of – any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate …."

13.     On February 20, 2026, Guardian seized Debtor's Property, effectively taking an asset of Debtor's estate.

14.     This seizure harms Debtor's finances, as she intended to rent the Property to earn income to facilitate her reorganization and pay her creditors through a plan.

15.     Debtor's counsel called Guardian and informed it of its violation of the automatic stay. Debtor's counsel instructed Guardian to remove the notice and remove the locks. Guardian refused. Debtor's counsel overnighted a letter to Guardian explaining the same, but Guardian ignored the demand.

16.     These actions taken by Guardian constitute a willful violation of the automatic stay imposed by § 362(a) of the Bankruptcy Code.

17.     As a result of the violation, Debtor has suffered and continues to suffer significant harm, including, but not limited to, loss of income.

18.     Guardian continues to willfully violate the automatic stay.

19.     Accordingly, Debtor requests that the Court enter an order declaring that Guardian

3

is in violation of the automatic stay; directing Guardian to immediately remove the Notice, remove

the locks, and return the Property to Debtor; and granting such other relief as the Court deems just

and proper.

Dated: March 19, 2026


/s/ Jamie A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JAMIE A. CHRISTY
Georgia Bar No. 683096
*Proposed Attorneys for Debtor Aisha Kamaria Cole*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:    (404) 681-3450
Facsimile:    (404) 681-1046
Email:        jac@swfllp.com
              jchristy@swfllp.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following parties with a copy of the foregoing by the court using the CM/ECF system, which will send an electronic e-mail notification to the parties as indicated below and electronic mail as follows:

David S. Weidenbaum  david.s.weidenbaum@usdoj.gov

Eric Smith  esmith@aldridgepite.com

Paul Morochnik  paul@morochnik.com

I shall also serve DGG Re Investments, LLC d/b/a Guardian Asset Management on its registered agent by Federal Express at

Corporation Service Company
2 Sun Court
Suite 400
Peachtree Corners, Georgia 30092

/s/ Jamie A. Christy
JAMIE A. CHRISTY
Georgia Bar No. 683096
*Proposed Attorneys for Debtor Aisha Kamaria Cole*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:   (404) 681-3450
Facsimile:   (404) 681-1046
Email:   jac@swfllp.com
         jchristy@swfllp.com