**UNITED STATES BANKRUPTCY COURT**
**NORTHISN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| AISHA COLE, | ) | CASE NO.  26-51907-BEM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| AISHA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| v. | ) | NO. |
| | ) | |
| | ) | |
| RENASANT BANK, as successor of corporate | ) | |
| merger to Heritage Bank, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**COMPLAINT**

COMES NOW Debtor and Debtor in Possession Aisha Cole ("**Debtor**") and files this adversary proceeding against Defendant Renasant Bank ("**Renasant**" or "**Defendant**") seeking injunctive relief pursuant to 11 U.S.C. §§ 362 and 105 and 28 U.S.C. § 2283 to stay or enjoin the foreclosure of certain property owned by Cedonia Properties, LLC, in which Debtor has a controlling interest. In support of the relief sought, Debtor states as follows.

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction over this matter under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2.

This adversary proceeding is commenced pursuant to Rule 7001(7) of the Federal Rules of Bankruptcy Procedure.

3.

Debtor seeks relief under §§ 362 and 105 of the Bankruptcy Code and 28 U.S.C. § 2283.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending this District.

5.

This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (G), and (O).

## THE PARTIES AND THE FORECLOSURE

6.

On February 12, 2026 (the "**Petition Date**"), Debtor filed her voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Case**").  Debtor's Schedules show that she has an interest in Cedonia Properties, LLC.  [Main Case Doc No. 25].

7.

Debtor is the sole member of Cedonia Properties, LLC ("**Cedonia**").

8.

On June 7, 2019, Cedonia executed a promissory note ("**Note**") with Renasant in the original principal amount of $180,000 for property located at 164 North McDonough Street, Jonesboro, Georgia, 30236 Clayton County ("**Clayton County Property**").  Debtor is the guarantor for this Note.

2

9.

On May 1, 2026, Renasant, through its counsel, mailed a letter to Debtor in her capacity as sole member, stating that Cedonia is in default.

10.

The letter stated that Renasant would hold a foreclosure sale of the Clayton County Property the first Tuesday in June 2026.

11.

Debtor's counsel received this letter on May 7, 2026, one week after the letter was mailed.

12.

Debtor's counsel called Defendant's counsel to discuss the potential of an agreement to stay the foreclosure.

13.

Defendant's counsel stated that Defendant was in the process of selling the Note, but did not state the identity of the buyer.

14.

Debtor's counsel learned that the Note was sold on or about May 22, 2026, and attempted to determine the identity of the buyer of the Note in order to discuss the potential of an agreement to stay the foreclosure, but could not ascertain the identity.

15.

On May 26, 2026, Debtor's counsel finally received the name of the buyer's attorney. Debtor's counsel was told by the buyer's attorney today that terms would be provided regarding a forbearance agreement, but as of the time of filing, terms have not been provided to her.

16.

3

Defendant continues to advertise the Clayton County Property for the foreclosure sale.

17.

Debtor asserts that there is equity in the Clayton County Property.

18.

The Clayton County Property is indispensable to Debtor's reorganization because Cedonia will pay over to the Debtor the monthly rent to fund her plan of reorganization.

19.

If Renasant forecloses on the Clayton County Property, Debtor's reorganization will be harmed, as she will have less funds to use to pay her unsecured creditors.

20.

The facts of the case clearly suggest that Debtor can reorganize successfully.

## CONTINUATION OF THE FORECLOSURE WILL BE DETRIMENTAL TO DEBTOR'S ESTATE

21.

First, permitting Renasant to continue the foreclosure process threatens to harm Debtor's estate and imperils her ability to reorganize because she will have less funds to pay unsecured creditors.

22.

Debtor's plan is due on or before June 12, 2026.

23.

The Clayton County Property is essential to Debtor's reorganization, as Cedonia will pay over to the Debtor the monthly rent to fund her plan of reorganization.

## RELIEF REQUESTED

24.

4

Debtor seeks a judgment pursuant to §§ 105 and 362 of the Bankruptcy Code to extend the automatic stay under §§ 362(a)(l) and 362(a)(3) to Cedonia, or in the alternative, to stay or enjoin the continuation of the foreclosure against the Clayton County Property pursuant to 28 U.S.C. § 2283 and § 105 of the Bankruptcy Code during the pendency of Debtor's Chapter 11 case.

## COUNT I

### REQUEST FOR AN EXTENSION OF THE AUTOMATIC STAY TO THE CONTINUANCE OF FORECLOSURE OF THE CLAYTON COUNTY PROPERTY PURSUANT TO 11 U.S.C. §§ 362(a)(3)

25.

Debtor restates and realleges paragraphs 1-24 of this Complaint as if fully set forth herein.

26.

Section 362 of the Bankruptcy Code provides for an automatic stay upon the filing of a bankruptcy petition.

27.

Subsection (a)(l) of § 362 provides for a broad stay of litigation and other actions, judicial or otherwise, against the debtor that was or could have been commenced prior to the commencement of the bankruptcy case. *See* 11 U.S.C. § 362(a)(l).

28.

Subsection (a)(3) of § 362 also stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

29.

5

Federal Rule of Bankruptcy Procedure 7001(7) provides that a debtor may initiate an adversary proceeding to obtain an *injunction* or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief. Fed. R. Bank. P. 7001(7).

30.

Debtor seeks an order staying the foreclosure proceedings until the effective date of a reorganization plan, pursuant to §§ 362(a)(l), (a)(3) of the Bankruptcy Code.

31.

Extension of the stay is necessary because Renasant's foreclosure on the Clayton County Property will impact the reorganization. Cedonia intends to pay over to the Debtor the monthly rent to fund her plan of reorganization. A foreclosure eliminates funds for the plan of reorganization to pay unsecured creditors and could impact Renasant's position on Debtor's guaranty.

32.

If the foreclosure proceeding is allowed to continue, Debtor's prospects for confirming its reorganization plan will be impaired, thwarting the Congressional purpose of providing Debtor the ability to reorganize. Accordingly, the automatic stay should extend to Cedonia through plan confirmation.

33.

Based on the foregoing, Debtor seeks a judgment extending the stay under §§ 362(a)(l) and 362(a)(3) of the Bankruptcy Code to the continuation of the District Court Action against the Guarantors.

**COUNT II**

6

**REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION
AGAINST THE FORECLOSURE OF THE CLAYTON COUNTY PROPERTY
DURING THE PENDENCY OF THE BANKRUPTCY CASE PURSUANT TO
11 U.S.C. § 105(a) and 28 U.S.C. § 2283**

34.

Debtor restates and realleges paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

The Eleventh Circuit Court of Appeals has adopted the United States Supreme Court's standard that "a bankruptcy court can enjoin any civil action if the outcome could alter the debtor's rights, liabilities, options, or freedom of action or in any way impacts upon the handling and administration of the bankrupt estate." *Scharrer v. Schron (In re Fundamental Long Term Care, Inc.),* 873 F.3d 1325, 1336-37 (11th Cir. 2017) (citations omitted); *Gray v. Hirsch,* 230 B.R. 239, 243 (S.D.N.Y. 1999) (citation omitted).

36.

The foreclosure proceedings will alter the landscape of Debtor's reorganization effort as additional funds from rent payments from the tenant in the Clayton County Property will not be available to fund the plan of reorganization. The foreclosure proceedings will negatively impact Debtor's ability to reorganize.

37.

Debtor seeks a preliminary and permanent injunction enjoining the foreclosure proceedings against Cedonia and the Clayton County Property under § 105(a) of the Bankruptcy Code until the effective date of a plan of reorganization.

38.

7

Section 105(a) of the Bankruptcy Code authorizes  the  Court  to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

39.

Relief under Section 105 of the Bankruptcy Code is particularly appropriate in a chapter 11 case when necessary to protect a debtor's ability to effectively confirm a reorganization plan and to preserve the property of the debtor's estate.

40.

The Eleventh Circuit Court of Appeals directs that a party must satisfy four requirements in order for the Court to issue a preliminary injunction under § 105 of the Bankruptcy Code: 1. substantial likelihood of success on the merits; 2. irreparable injury will be suffered without the injunction; 3. threatened injury to movant outweighs whatever damage the injunction may cause to the opposing party; and 4. that the injunction will not be adverse to the public interest. *B.V v. Consorcio Barr, SA. (Four Seasons Hotels and Resorts),* 320 F.3d 1205, 1210 (11th Cir. 2003).

41.

There is a substantial likelihood that Debtor will not be able to restructure successfully if Renasant's foreclosure proceedings on the Clayton County Property are not enjoined. The injunction must be allowed so that Debtor can use the Clayton County Property to fund the plan of reorganization.

42.

If the foreclosure proceedings against Cedonia are not enjoined, Debtor will likely suffer harm and her reorganization efforts will be threatened, including:

(i)      The risk that she will be unable to fund any substantial contribution to her estate; and

(ii)      The risk that foreclosure could impact Renasant's and the unidentified buyer's posture regarding her guaranty.

43.

The likelihood of irreparable injury to Debtor in the absence of immediate injunctive relief far outweighs any harm to Renasant. Renasant will suffer little if any harm if it is enjoined until confirmation of Debtor's plan. Renasant's claim will be included in the plan and, if it disagrees with the plan's treatment, it has recourse within the Bankruptcy Court. While staying the foreclosure proceedings will not prejudice Renasant, Debtor's injury by failing to effectively reorganize will be irreparable and will harm all creditors in this case.

44.

The injunctive relief involves private parties and as such does not specifically affect public interest. The public interest may be served, however, by promoting compliance with the congressional purpose of providing a debtor time and space to reorganize without the need to address continuing litigation, directly or indirectly.

45.

The injunctive relief sought by Debtor is necessary and proper in order to allow Debtor to reorganize and to provide it with an unobstructed opportunity to confirm its plan.

46.

Because of the significant negative impact the continuance of the foreclosure proceedings will have on Debtor's estate and Debtor's reorganization efforts, this Court must enter a § 105(a) order enjoining any further activity in the foreclosure proceedings against the

9

Clayton County Property until Debtor 's reorganization is complete.

WHEREFORE, Debtor requests the following relief as to Renasant:

(i) the continuation of the foreclosure proceedings against Cedonia is stayed under §§ 362(a)(l) and/or 362(a)(3) of the Bankruptcy Code until confirmation of a plan of reorganization; and/or

(ii) in the alternative, the entry of an Order granting an injunction pursuant to § 105(a) of the Bankruptcy Code enjoining and prohibiting the continuation of the foreclosure proceedings against Cedonia until the confirmation of a plan of reorganization; and/or

(iii) such other relief as this Court deems just and proper under the circumstances.

This 27th day of May, 2026.

/s/ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518
JAMIE A. CHRISTY
Georgia Bar No. 683096
*Attorneys for Debtor*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, NE, Suite 800
Atlanta, Georgia 30309
Telephone:   (404) 681-3450
Facsimile:   (404) 681-1046
Email:       jchristy@swfllp.com
             jac@swfllp.com

10